IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

AL-KHALIQ SANTANA FERGUSON,

            Petitioner,

    v.

UNITED STATES OF AMERICA,

        Respondent.

HONORABLE WILLIAM H. WALLS

Civil Action
No. 13-0845 (WHW)

**OPINION**

APPEARANCES:

AL-KHALIQ SANTANA FERGUSON, Petitioner pro se
#62983-050
USP Beaumont
P.O. Box 26030
Beaumont, Texas 77720

DARA AQUILA GOVAN, Esq.
OFFICE OF THE U.S. ATTORNEY
DISTRICT OF NEW JERSEY
970 Broad Street
Suite 700
Newark, New Jersey 07102

**WALLS, Senior District Judge:**

## I.   INTRODUCTION

Before the Court is Petitioner Al-Khaliq Santana Ferguson's ("Petitioner") Motion to Vacate, Correct, or Set Aside his sentence pursuant to 28 U.S.C. § 2255. Docket Entry 1. For the reasons stated herein, the motion is denied. No certificate of appealability will issue.

## II.  BACKGROUND

Petitioner was arrested on August 20, 2010 in Newark, New Jersey after police officers responded to complaints of a group of men engaging in "open-air drug sales." Pre-Sentence Report ("PSR") ¶ 6. Upon the officers' arrival, Petitioner attempted to leave the area by walking away from the other men. In the course of leaving the scene, he removed a black backpack from his neck, placed it on a nearby fence, and dropped items from his pants pocket onto the ground. *Id.* The items were recovered after the officers detained Petitioner. A handgun was found in the black bag, and the items dropped onto the ground were later determined to be nine glassine envelopes containing heroin. *Id.* ¶¶ 7-8. A federal grand jury indicted Petitioner on a charge of unlawful possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1). Indictment, *United States v. Ferguson*, No. 10-cr-821 (D.N.J. Nov. 29, 2010).

Petitioner thereafter entered into a plea agreement with the United States. Plea Agreement, Respondent's Exhibit B. The plea agreement contained a provision waiving "the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total

2

Guidelines offense level of 21." *Id.* at 7. Petitioner signed the agreement and acknowledged that trial counsel had reviewed the agreement with him, he understood the terms and conditions of the agreement, and that he wanted to plead guilty in accordance with the agreement's terms. *Id.* at 5.

The Court conducted a change of plea hearing on August 10, 2011. After Petitioner was sworn, the following colloquy took place:

| | |
|---|---|
| COURT: | Mr. Ferguson, have you had any medication or drugs of any kind in the last 48 hours? |
| PETITIONER: | Yes. |
| COURT: | Have they affected your ability to think clearly? |
| PETITIONER: | No. |
| COURT: | And are you able to think clearly at this time? |
| PETITIONER: | Yes. |
| COURT: | May I ask what type of medication you had? |
| PETITIONER: | Psych medicines. |
| COURT: | What does that do? |
| PETITIONER: | Relaxing, control. |
| COURT: | I'm sorry? |
| PETITIONER: | I'm relaxed and controlled. |

Plea Transcript, Respondent's Exhibit C at 2:16 to 3:5. The Court then questioned Petitioner as to his education and work

history, and Petitioner gave relevant, coherent responses. *Id.* at 3:6 to 4:10. Based on its observations and listening to Petitioner's responses and manner of speaking, the Court was satisfied that Petitioner was "someone who's able, intellectually, to understand what's going on . . . ." *Id.* at 4:17-20. The Court then proceeded to explain the rights that Petitioner would be waiving and the maximum sentence to which he was exposed as a result of his plea, and Petitioner indicated he understood the Court's explanation and still wished to plead guilty. *Id.* at 4:21 to 7:2.

Having explained to Petitioner the consequences of entering a guilty plea, the Court next discussed the plea agreement and its appellate waiver provision:

> COURT:        [] Has Mr. Carlucci worked out a plea deal on your behalf with the Government?
>
> PETITIONER:   Yes.
>
> COURT:        All right. Has he done so with your knowledge and consent?
>
> PETITIONER:   Yes, sir.
>
>               . . .
>
> COURT:        Now, as a matter of fact the next paragraph, 7, circumstances where you are giving them what we call, a defendant, unrestricted or unlimited right of appeal. Normally, Mr. Ferguson, when a person is sentenced by a Judge, that person has a right to challenge the sentence by making appeal to a higher court. In this case the Circuit Court of

> Appeals coming back before the same
> judge, argue if the sentence was wrong,
> incorrect, should be modified, correct,
> or even thrown out, and that's what we
> call nonrestricted right of appeal. He
> can argue that before the circuit court.
> He can argue that to file motions or writ
> of habeas corpus, sentence is wrong.
> You're giving up that unrestricted right
> of appeal. You're saying in paragraph 7,
> provided you – you're giving up any
> attempt to appeal such a sentence. Do you
> understand that?

PETITIONER:    Yes.

COURT:         And you know what you're doing?

PETITIONER:    Yes.

COURT:         Do you need time to think it over?

PETITIONER:    No.

*Id.* at 7:11-16, 12:7-25. After completing a review of the plea agreement, the Court asked Petitioner if anyone had threatened him or had made him any other promises in order to induce to him plead guilty, and he answered "no" to both questions. *Id.* at 14:21 to 15:2.

Trial counsel informed the Court he was satisfied with the colloquy and revisited the subject of Petitioner's medications, noting: "I would just add that he has been diagnosed as schizophrenic. He is taking medication, and he has taken medication for many years. I have no doubt as to his competence to proceed." *Id.* at 15:8-11. The Court proceeded to elicit a factual basis and thereafter accepted the guilty plea.

5

Petitioner indicated he was satisfied with his counsel's representation and had no further questions about his plea agreement. *Id.* at 18:13-25. Petitioner next appeared before the Court for sentencing on November 15, 2011. He was sentenced to a term of 80-months imprisonment followed by 3-years of supervised release. Judgment of Conviction, Respondent's Exhibit E. He thereafter filed a notice of appeal in the Court of Appeals for the Third Circuit. *United States v. Ferguson*, No. 11-4433 (3d Cir. filed Nov. 20, 2011).

On March 2, 2012, the United States moved to dismiss the appeal based on the appellate waiver provision of the plea agreement. In response, Petitioner filed a motion for a diminished capacity hearing, arguing that the sentencing court erred by accepting his guilty plea as it was "made without the requisite intelligence and also voluntariness. Likewise with sufficient awareness of the relevant circumstances and likely consequences." Motion for Diminished Capacity Hearing, Respondent's Exhibit G. "Defendant in this motion, argues since the District Court was provided information by the Defendant at the Rule 11 hearing that he had recently taken antipsychotics and anti-depressant drugs, and that the Court failed to inquire further or even acknowledge that it was aware of this evidence." *Id.* at 2. The Court of Appeals granted the United States' motion to dismiss the appeal based on the waiver provision and denied

Petitioner's motion for a diminished capacity hearing on May 25, 2012. Order Dismissing Appeal, Respondent's Exhibit H.

Petitioner thereafter filed this § 2255 motion raising three grounds for relief:[1] (1) trial counsel was ineffective for failing to "suppress evidence and also failure to investigate mitigating factors"; (2) his guilty plea was involuntary as he was under the influence of drugs at the time of his plea; and (3) trial counsel was ineffective for failing to request a mental health evaluation.

The Court advised Petitioner of his rights and consequences of filing a § 2255 motion pursuant to *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), and ordered him to advise the Court within 45 days as whether he wanted to proceed with his motion as filed or withdraw his petition and file a new petition subject to the one year statute of limitations. *Miller* Order, Docket Entry 4. As Petitioner did not respond to the *Miller* Order, the Court reviewed the petition as filed and ordered Respondent to answer. Docket Entry 5. Respondent filed its answer on May 22, 2013, Docket Entry 7, and Petitioner submitted a two-part traverse on July 28, 2014 after being granted an extension of time by the Court, Docket Entries 12 and 13.

---

[1] The motion lists four grounds for relief; however, Grounds One and Two both allege trial counsel was ineffective for failing to investigate and present mitigating factors at sentencing. Motion ¶ 12(a)-(b).

### III.  STANDARD OF REVIEW

Section 2255 provides in relevant part that:

[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Petitioner brings this motion as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998); *Lewis v. Attorney General*, 878 F.2d 714, 721-22 (3d Cir. 1989); *United States v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969), *cert. denied*, 399 U.S. 912 (1970).

### IV.  ANALYSIS

Respondent argues the motion should be dismissed as Petitioner waived his right to appeal and collaterally attack his sentence in his plea agreement. Petitioner responds his plea was not knowingly and voluntarily entered, making his appellate waiver invalid. After reviewing the submissions of the parties and the record of the Rule 11 hearing, the Court finds that the

claims raised by Petitioner do not fall within the waiver provision of the plea agreement.

Section 2255 requires a district court to conduct an evidentiary hearing on the claims "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). The Court finds that no evidentiary hearing is warranted as the record conclusively demonstrates Petitioner is not entitled to relief. The motion will therefore be denied and dismissed with prejudice.

## A. Waiver of Appellate and Collateral Attack Rights

"Criminal defendants may waive both constitutional and statutory rights, provided they do so voluntarily and with knowledge of the nature and consequences of the waiver. The right to appeal in a criminal case is among those rights that may be waived." *United States v. Mabry*, 536 F.3d 231, 236 (3d Cir. 2008), *cert. denied*, 557 U.S. 903 (2009). "[W]aivers of appeals should be strictly construed" and "if entered into knowingly and voluntarily, are valid." *United States v. Khattak*, 273 F.3d 557, 562 (3d Cir. 2001). As Respondent argues the motion should be dismissed under the waiver in the plea agreement, the Court will not review the merits if: "(1) the issues raised fall within the scope of the appellate waiver; and (2) [Petitioner] knowingly and voluntarily agreed to the

9

appellate waiver; unless (3) enforcing the waiver would 'work a miscarriage of justice.'" *United States v. Erwin*, 765 F.3d 219, 225 (3d Cir. 2014) (quoting *United States v. Grimes*, 739 F.3d 125, 128-19 (3d Cir. 2014)), *cert. denied*, 136 S. Ct. 400 (2015).

Petitioner waived his right to file an appeal or collateral attack motion "including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255." Plea Agreement at 3. Schedule A of the plea agreement expanded on that waiver, noting that he agreed to waive

> the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the *sentence* imposed by the sentencing court if that *sentence* falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 21. . . .
>
> Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and *to file . . . any appeal, collateral attack, writ, or motion, not barred by the preceding paragraph*.

Schedule A ¶¶ 7-8 (emphasis added).

The plain language of the plea agreement limits the waiver provision to challenges to the sentence imposed by the court if that sentence was within a specified Guideline range. Petitioner's motion does not challenge his sentence: he challenges the voluntariness of the plea itself and the performance of his attorney. These claims do not fall

10

within the scope of his appellate waiver. The Court will therefore proceed to the merits of the motion.

**B. Knowing and Voluntary Guilty Plea**

Petitioner argues he did not knowingly and voluntarily enter his guilty plea because he was under the influence of medication at the time and that the Court failed to sufficiently inquire into the effect of the medications.

A district court may not accept a guilty plea until it has personally addressed the defendant "and determine[d] that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement)." Fed. R. Crim. Pro. 11(b)(2). "[I]ngestion of drugs is one of the circumstances relevant to whether a plea was knowing and voluntary." *United States v. Tuso*, 433 F. App'x 120, 123 (3d Cir. 2011) (internal quotation marks omitted).

"Rule 11 counsels a district court to make further inquiry into a defendant's competence to enter a guilty plea once the court has been informed that the defendant has recently ingested drugs or other substances capable of impairing his ability to make a knowing and intelligent waiver of his constitutional rights." *United States v. Cole* 813 F.2d 43, 46 (3d Cir. 1987). "*Cole* makes clear that some inquiry is necessary, but 'provides little guidance' about the 'sufficiency' of such an inquiry."

11

*Tuso*, 433 F. App'x at 123 (quoting *United States v. Lessner*, 498 F.3d 185, 194 (3d Cir. 2007)).

The following colloquy took place immediately after Petitioner was sworn-in at the change of plea hearing:

| | |
|---|---|
| COURT: | Mr. Ferguson, have you had any medication or drugs of any kind in the last 48 hours? |
| PETITIONER: | Yes. |
| COURT: | Have they affected your ability to think clearly? |
| PETITIONER: | No. |
| COURT: | And are you able to think clearly at this time? |
| PETITIONER: | Yes. |
| COURT: | May I ask what type of medication you had? |
| PETITIONER: | Psych medicines. |
| COURT: | What does that do? |
| PETITIONER: | Relaxing, control. |
| COURT: | I'm sorry? |
| PETITIONER: | I'm relaxed and controlled. |

Plea Transcript at 2:16 to 3:-5. Based on Petitioner's answers and the Court's observations of his behavior, the Court concluded he was "able, intellectually, to understand what's going on . . . ." *Id.* at 4:17-20. Trial counsel later indicted Petitioner had been taking these medications for several years

and had no negative effect on Petitioner's ability to comprehend the proceedings.

> COURT:          All right. Mr. Carlucci, are you satisfied?
>
> TRIAL COUNSEL: Yes, your Honor, I am satisfied, and I would add, when you asked Mr. Ferguson about his medication.
>
> COURT:          Yes.
>
> TRIAL COUNSEL: I would just add that he has been diagnosed as schizophrenic. He is taking medication, and he has taken medication for many years. I have no doubt as to his competence to proceed.
>
> COURT:          All right. Thank you.

*Id.* at 15:3-12.

Petitioner concedes the Court asked about his medications, but relies on *United States v. Parra-Ibanez* to argue the Court "did not probe deeply enough." Traverse Part 1 at 11 (citing *United States v. Parra-Ibanez*, 936 F.2d 588 (1st Cir. 1991)). In that case, the First Circuit held that the trial court's failure to inquire into the dosages of the medications taken by defendant and "what effects, if any, such medications might be likely to have on Parra's clear-headedness" violated Rule 11. *Parra-Ibanez*, 936 F.2d at 596.

As demonstrated by two post-*Cole* Third Circuit opinions, *Parra-Ibanez* is distinguishable from Petitioner's case. In *Lessner*, the district court asked about the medications

defendant was taking and "whether the medications she had taken that morning affected her ability to understand the proceedings, and posed several follow-up questions to elicit further information. It also inquired whether Lessner was presently under the influence of any other medications or controlled substances." 498 F.3d at 194. She explained the medication "put[] [her] in perspective" and "calm[ed her] down" so she could "deal with the circumstances." *Id.* at 193.

Defendant argued, as Petitioner does here, that the district court "'made only a limited and superficial inquiry' into the medications that she was taking while failing to ascertain their dosages or whether she had taken any of them 'the prior day, week or month.'" *Id.* at 193-94. The Third Circuit, however, distinguished *Parra-Ibanez* by noting that the trial court in that case had "fail[ed] to inquire whether any of the medications impaired the defendant's ability to understand the implications of his guilty plea." *Id.* at 195. In contrast, the *Lessner* district court had "sufficiently discharged its duty under Rule 11 to inquire into Lessner's capacity to enter a knowing and voluntary plea" as it "ascertained that she was only under the influence of two Ativans at the time of the hearing, and that that medication did not impair her ability to understand the proceedings." 498 F.3d at 195-96. "Lessner clearly demonstrated her understanding of the proceedings

14

throughout the hearing, to the satisfaction of both the Court and defense counsel." *Id.* at 196. Likewise, the Third Circuit upheld a plea as knowing and voluntary when the district court "directly asked [defendant] whether her medications 'in any way interfere with [her] ability to understand and perceive events.' She responded that they do not." *United States v. Tuso*, 433 F. App'x 120, 123-24 (3d Cir. 2011) (citing *Lessner*).

Petitioner's case is more like *Lessner* and *Tuso* than *Parra-Ibanez*. Upon learning that Petitioner had taken medication within the past 48 hours, the Court explicitly asked if the medications "affected [his] ability to think clearly," to which Petitioner unambiguously answered "No." Plea Transcript at 2:19-20-21. The Court then asked if he was able to think clearly at that time, and Petitioner responded "Yes." *Id.* at 2:22-24. The Court then specifically inquired into to the type of medications he had taken and their effects, and Petitioner responded he took "Psych medicines" that made him "relaxed and controlled." *Id.* at 2:25 to 3:5. Petitioner was then asked questions about his history and education and provided clear, coherent answers. *Id.* at 3:6 to 4:10. His allegations "that his answers during the plea colloquy show that he was so incoherent that the court should have postponed the proceedings sua sponte and ordered a psychiatric review. Despite having taken prescription medication that morning," Traverse Part 1 at 10, are conclusively

contradicted by the record and the Court's observations of the proceedings. Trial counsel also informed the Court that Petitioner had been taking the medications for a long time in order to treat his schizophrenia. He then affirmatively represented to the Court there was "no doubt as to [Petitioner's] competence to proceed." Plea Transcript at 15:10-1. The Court reviewed the appellate and collateral attack waiver provision of the plea agreement with Petitioner, and Petitioner acknowledged he understood the provision after declining the Court's offer to provide him more time to consider it. Plea Transcript at 12:7-25.

In light of the Court's observation of Petitioner during the proceedings, Petitioner's answers to the Court's questions, and counsel's representation to the Court, the Court concludes there is no question that Petitioner was competent to plead guilty. *See United States v. Tann*, No. 14-4504, 2016 WL 909264, at *2 (3d Cir. Mar. 10, 2016) (upholding plea as voluntary based on defendant's responsive answers to trial court's questions, statements and conduct during the guilty plea hearing, and counsel's representation as to competence); *see also United States v. Jones,* 336 F.3d 245, 256 (3d Cir. 2003) (noting district court's may consider an attorney's affirmative representation about client's competency). The record

16

conclusively demonstrates Petitioner's plea was knowing, intelligent, and voluntary.

## C. Ineffective Assistance of Counsel

Petitioner raises three ineffective assistance of counsel claims aside from the issue of the voluntariness of the plea, which the Court has already determined. These claims are governed by the *Strickland* standard. Petitioner must first "show that counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). He must then show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

### 1. *Ineffective Assistance of Counsel for Failure to File a Motion to Suppress*

Petitioner asserts without explanation that trial counsel was ineffective for failure to file a motion to suppress. Although Respondent correctly notes that Petitioner does not specifically state what evidence should have been suppressed, it is not unreasonable to infer that he is referring to the seized firearm. Petitioner also does not state on what grounds the firearm should have been suppressed. In any event, given that the firearm was discarded and abandoned by Petitioner in his

attempt to evade the police and before he was seized, *see* Plea
Transcript at 15:15 to 16:17; PSR ¶¶ 6-8, it is unlikely the
Court would have granted such a motion. *See California v. Hodari
D.*, 499 U.S. 621 (1991); *United States v. Thomas*, 423 F. App'x
199, 203-04 (3d Cir. 2011) ("[B]ecause [defendant] dropped the
duffel bag and walked away from it before he was stopped by the
detectives, he is foreclosed from arguing that the abandonment
was 'precipitated by an unlawful seizure,' thus mandating its
exclusion") (quoting *United States v. Coggins*, 986 F.2d 651, 653
(3d Cir. 1993)).

As Petitioner cannot establish he was prejudiced by
counsel's failure to file a motion to suppress, his ineffective
assistance of counsel claim fails. *United States v. Cross*, 308
F.3d 308, 315 (3d Cir. 2002). (noting courts should address the
*Strickland* prejudice prong first where it is dispositive of a
petitioner's claims).

   2. *Ineffective Assistance of Counsel for Failure to
      Investigate Mitigating Circumstances*

Petitioner further argues his trial counsel was ineffective
for failing to investigate mitigating circumstances to present
at sentencing. This argument is equally meritless. The list of
mitigating factors that trial counsel allegedly failed to
investigate, "background, childhood neglect, special education,
placement in foster homes, psychiatrists [sic] hospitals,"

18

Petition ¶ 12(b), were all investigated and brought to the Court's attention either by trial counsel or by the PSR. Trial counsel specifically noted during his sentencing argument that Petitioner lost his mother at a very young age and did not know his father, Sentencing Transcript, No. 10-0821 (ECF No. 26) at 3:12-15, and the PSR related the circumstances of her death, PSR ¶ 74. He denied being abused or neglected by his grandmother, PSR ¶ 76, and his schizophrenia and bipolar disorders were both brought to the Court's attention via the PSR, *id.* at ¶ 81, and the Court specifically took his mental health into consideration while fashioning an appropriate sentence, Sentencing Transcript at 15:11-17.

Beyond those vague and conclusory allegations, Petitioner does not state with specificity the information the counsel neglected to investigate and how the outcome of the sentencing hearing, which resulted in a sentence near the low end of the Guideline range, would have been different.[2] He therefore has not met his burden of demonstrating prejudice. *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) ("[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District

---

[2] The applicable Guideline range was 77 to 96 months; Petitioner was sentenced to 80 months.

Court." (citing United *States v. Dawson*, 857 F.2d 923, 928 (3d
Cir. 1988))).

### 3. Ineffective Assistance of Counsel for Failure to Request a Competency Hearing

Petitioner's final claim of ineffective assistance of
counsel alleges that counsel erred by failing to request a
mental health evaluation. Petitioner ¶ 12(D).

"[A] criminal defendant shall be subjected to a competency
hearing 'if there is reasonable cause to believe that the
defendant may presently be suffering from a mental disease or
defect rendering him mentally incompetent to the extent that he
is unable to understand the nature and consequences of the
proceedings against him or to assist properly in his defense.'"
*United States v. Jones*, 336 F.3d 245, 256 (3d Cir. 2003)
(quoting 18 U.S.C. § 4241(a)). Here, there is no evidence that
trial counsel had "reasonable cause" to suspect Petitioner was
incapable of understanding the plea proceedings. In fact,
counsel affirmatively represented to the Court that there was
"no doubt as to [Petitioner's] competence to proceed." Plea
Transcript at 15:10-1.

Trial counsel's representation is supported by the Court's
own observations of Petitioner at the hearing. *See Jones*, 336
F.3d at 256 (noting that district court must hold hearing on its
own motion if it has reasonable cause to suspect Petitioner is

incompetent to proceed). "When evaluating a defendant's competency, a district court must consider a number of factors, including 'evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial.' Other factors that are relevant to the determination 'may include an attorney's representation about his client's competency.'" *Ibid.* (quoting *United States v. Leggett*, 162 F.3d 237, 242 (3d Cir. 1998); *United States v. Renfroe*, 825 F.2d 763, 767 (3d Cir. 1987)). Nothing about Petitioner's behavior or answers suggested to the Court that he was unable to understand and participate in the proceedings. Petitioner gave clear answers to the Court's questions and did not appear confused or incoherent. Thus, there was no basis to order a competency hearing. Petitioner has not established trial counsel erred by failing to request a competency hearing, and his claim fails under *Strickland*.

**D. Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional

21

claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). This Court denies a certificate of appealability because jurists of reason would not find it debatable that Petitioner has not made a substantial showing of the denial of a constitutional right.

**V. CONCLUSION**

For the reasons stated above, Petitioner's Motion to Vacate, Correct, or Set Aside his sentence is denied, and no certificate of appealability shall issue. An accompanying Order will be entered.

18 October 2016
_____
Date

_____
WILLIAM H. WALLS
Senior U.S. District Judge